## WILLIAM L. SLADE & another *vs.* JOHN HOOD.

In defence of an action by the payee or his assignee in insolvency on a promissory note, it may be shown by parol evidence that it was given as collateral security for liabilities incurred by the payee at the request or for the benefit of the defendant, and that the payee suffered no loss by reason of such liabilities.

In an action on a promissory note, evidence that the defendant, at the same interview at which the note was given, gave another note to a third person, which had since been given up as made without consideration, is inadmissible to prove want of consideration of the note in suit; and if admitted by referees under a rule of court, who award in favor of the defendant, subject to the opinion of the court on the admissibility of the evidence, is ground for setting aside the award.

ACTION OF CONTRACT by the assignees of George B. Hood, an insolvent debtor, upon a promissory note made to him.

Answer, that the note and a mortgage of even date therewith were made by the defendant to said Hood, to secure him against loss by reason of his having become responsible for the debts of John F. Moore at the defendant's request, and of his having indorsed notes of the defendant for the defendant's accommodation, and of an unsettled balance of account between him and the defendant; and that he had suffered no such loss; and that the plaintiffs had notice of these facts before commencing this action.

The case was referred by rule of court. At the hearing before the referees, the defendant offered to prove by oral evidence the facts stated in his answer. The plaintiffs objected to this evidence, on the ground that parol evidence was not competent to show that the note, which was absolute on its face, was given upon any condition. But the referees admitted the evidence as tending to show a want or failure of consideration of the note.

The residue of the report of the referees, as originally returned, was thus: " The testimony showed substantially that the note was given as security for any liability under which the insolvent was responsible for Moore, and also for any balance of account and claims that existed; it being then supposed by both the defendant and the insolvent that there was a balance due from the defendant to the insolvent. It also showed that the obligations on behalf of Moore were all discharged without loss to

the insolvent; and by all the evidence in the case, it did not appear that any balance of accounts, or for mutual claims, was due from the defendant to the insolvent.

" The referees are of opinion that there was a failure of consideration for the note, so far as it was given for security of the defendant's liabilities on account of Moore; and a want of consideration, so far as it was given for a balance of accounts or claims. They therefore award, *in* case their determination respecting the admissibility of the evidence before stated is correct, that the defendant does not owe the plaintiffs as set out in their declaration, and that judgment be rendered for the defendant accordingly, and for his costs."

The referees afterwards, at the plaintiffs' request, and by leave of court, amended their report by inserting, just before the part above quoted, the following : " At the hearing the defendant offered to prove that on the same day and during the same interview in which the note declared on was executed, he gave another note, secured by mortgage on other real estate, to another person, and that that other person afterwards gave up said note and mortgage to him as having been given without consideration. To the admission of evidence for this purpose the plaintiffs objected. But the referees, or a majority of them, were of opinion that as said other note was given during the same interview in which the note declared on was executed, the facts so offered to be proved by the defendant were proper to be taken into consideration by the referees in determining the matters referred to them, and which the defendant had a legal right to prove before them. They accordingly admitted the evidence."

This case, which was pending in the county of Bristol, was argued at Boston in January 1859.

*E. Williams*, for the plaintiffs. Parol evidence is inadmissible to annex a condition to an absolute promise in writing in the form of a promissory note. *Allen* v. *Furbish*, 4 Gray, 504, and cases cited.

The evidence stated in the amendment of the report was irrelevant and inadmissible. 1 Greenl. Ev. §§ 52, 448. *Collins* v *Dorchester*, 6 Cush. 396.

When arbitrators refer questions of law to the court, or mani-fest an intention to decide according to the true rules of law, the court will revise their errors in matter of law. *Bigelow* v. *New-ell*, 10 Pick. 355. *Fuller* v. *Wheelock*, 10 Pick. 137. *Knight* v. *Wilder*, 2 Cush. 206. *Fairchild* v. *Adams*, 11 Cush. 554. *Boston Water Power Co.* v. *Gray*, 6 Met. 165, 166.

*B. Sanford*, for the defendant. Between the original parties to a promissory note or other contract, the total or partial want or failure of consideration may always be shown in defence, even by parol. Story on Notes, § 190 *& note. Grew* v. *Burditt*, 9 Pick. 270. *Hill* v. *Buckminster*, 5 Pick. 394. *Clapp* v. *Tirrell*, 20 Pick. 249. *Poyntell* v. *Spencer*, 6 Barr, 254. *Wearse* v. *Peirce*, 24 Pick. 142. *Wade* v. *Merwin*, 11 Pick. 287. *Under-wood* v. *Simonds*, 12 Met. 278. *Parish* v. *Stone*, 14 Pick. 198. *Harrington* v. *Stratton*, 22 Pick. 510. 1 Greenl. Ev. §§ 284, 303, 304.

The other note and mortgage, made at the same time as the note in suit, were properly admitted, being part of the same transaction. Besides ; the referees having found that there was a failure of consideration, so far as the note was security for the insolvent's liabilities for Moore ; and a want of consideration, so far as it was given to secure a balance of account or of claims between the insolvent and the defendant; it is apparent that the admission of the testimony, if erroneous, did not affect the con-clusion of the referees, and so the award should not be set aside. *Mc Guire* v. *O'Hallaran*, Hill & Denio, 85. *Roloson* v. *Carson*, 8 Maryland, 208. *Bassett* v. *Cunningham*, 9 Grat. 684. *Kemeys* v. *Richards*, 11 Barb. 312. *Ludington* v. *Taft*, 10 Barb. 447.

Dewey, J. This case is clearly distinguishable from that of *Allen* v. *Furbish*, 4 Gray, 504, it being a case where the defence is purely a failure or want of consideration. The admission of the proposed evidence is no more objectionable than would be the admission of evidence that an absolute note which was sought to be recovered by the payee was really an accommoda-tion note, made at the request of the payee to enable him to raise money at the bank or elsewhere, but which, not having been used for that purpose, was kept in the hands of the payee.

The proposed evidence does not tend to establish any condition or limitation to the terms of the note, but to show that there never was as between these parties any consideration for the note.

We should have had no difficulty in entering judgment for the defendant, but for the question of the competency of the particular evidence which is stated in the amendment to the award to have been admitted by the referees, and which, if erroneously admitted, does, by the terms of the award, require the same to be set aside. The fact that the defendant, on the same day and during the same interview in which the note declared on was executed, gave another note to another person, and that such person afterwards gave up that note as having been given without consideration, was in our view incompetent evidence, and ought not to have been admitted. We are precluded from considering this as merely irrelevant evidence, and therefore furnishing no sufficient ground for setting aside the award, inasmuch as the referees have given effect to it as proper for their consideration. The award having been made conditional upon the legal admissibility of this evidence, the result must be

*Award set aside and case recommitted*